IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| Chance Cyril Riederer, | ) | Case No. 1:17-cr-050 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2), filed on May 28, 2024.  See Doc. No. 57.  The Government filed a response in opposition to the motion on June 24, 2024.  See Doc. No. 59.  The Defendant filed a reply brief on August 19, 2024.  See Doc. No. 64.  For the reasons set forth below, the motion is granted.

I.      **BACKGROUND**

In 2017, the Defendant was charged in a multi-count indictment alleging two drug and three gun offenses.  See Doc. No. 1.  On August 27, 2018, the Defendant pled guilty pursuant to a binding plea agreement to two counts of possession with intent to distribute a controlled substance.  See Doc. No. 43.  The binding plea agreement called for a sentence of 96 months of imprisonment.

The Presentence Investigation Report calculated a total offense level of 23 with a criminal history category of VI, resulting in an advisory Sentencing Guideline range of 92 to 115 months.  See Doc. No. 50, ¶ 80.  The Defendant's criminal history resulted in 11 scorable criminal history points. Because he committed the instant offense while under a criminal justice sentence, another 2 points were added under U.S.S.G. § 4A1.1(d).  See Doc. No. 50, ¶¶ 32-34.  Therefore he had a total of 13 criminal history points, which placed him in criminal history category VI.  See Doc. No. 50, ¶ 34.

At sentencing on November 26, 2018, the Court adopted the Presentence Investigation Report without change and Court sentenced the Defendant to 96-months of imprisonment and 3 years of supervised release as called for by the binding plea agreement. See Doc. No. 53.

On February 23, 2024, the Defendant filed a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 contending his Sentencing Guideline range was lowered by Part A of Amendment 821 and thus he should receive a sentence reduction. See Doc. No. 57. The Government filed a response in opposition to the motion on June 24, 2024. See Doc. No. 59. The Defendant filed a reply on August 19, 2024. See Doc. No. 64. The Defendant is serving his sentence at Lee USP in Pennington Gap, Virginia. He has a presumptive release date of February 19, 2026.

## II.    LEGAL DISCUSSION

Under the federal sentencing scheme, sentence modifications are available under very limited circumstances. One circumstance in which a sentence reduction is permitted is when the applicable Sentencing Guideline range has been lowered by the Sentencing Commission and it makes the amendment retroactive. See 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) of Title 18 of the United States Code provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable Sentencing Commission policy statement provides as follows:

(a)    AUTHORITY.--

2

(1)    IN GENERAL.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2)    EXCLUSIONS.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–

(A)    none of the amendments listed in subsection (d) is applicable to the defendant; or

(B)    an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

(3)    LIMITATION.--Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b)    DETERMINATION OF REDUCTION IN TERM OF IMPRISONMENT.--

(1)    IN GENERAL--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2)    LIMITATION AND PROHIBITION ON EXTENT OF REDUCTION.--

(A)    LIMITATION.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

3

(B)     EXCEPTION FOR SUBSTANTIAL ASSISTANCE.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

(C)     PROHIBITION.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c)     CASES INVOLVING MANDATORY MINIMUM SENTENCES AND SUBSTANTIAL ASSISTANCE.--If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

(d)     COVERED AMENDMENTS.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2)).

(e)     SPECIAL INSTRUCTIONS.--

(1)     The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later.

(2)     The court shall not order a reduced term of imprisonment based on Part A or Part B, Subpart 1 of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later.

U.S.S.G. 1B1.10.

In *Dillon v. United States*, the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. 560 U.S. 817 (2010).

4

The Supreme Court instructed that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission" and Section 1B1.10 instructs the district court to "substitute the amended Guidelines range while leav[ing] all other guideline application decisions unaffected." Id. at 821 (internal quotations omitted).   The Supreme Court set forth a two-step approach to apply:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions
> unaffected." § 1B1.10(b)(1).

> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).

> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

Dillon, 560 U.S. at 827

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines took effect, pursuant to the Sentencing Commission's authority under 28 U.S.C. § 994(o).  The amendment applies retroactively.  Amendment 821 has three parts and several subparts: Part A pertains to "Status

Points;" Part B pertains to "Zero-Point Offenders;" and Part C pertains to "Simple Possession of Marihuana Offenses."

In Part A to Amendment 821 to the United States Sentencing Guidelines, the United States Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Previously, the "status point" provision appeared in U.S.S.G. § 4A1.1(d) which added 2 points if the defendant "committed the instant offense while under any criminal justice sentence[.]" The amended provision states as follows:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). A person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point instead of 2, while a person who otherwise has 6 criminal history points or less receives no status points.

There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon, 560 U.S. at 827-28 (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

In this case, the Defendant had 11 scorable criminal history points before U.S.S.G. § 4A1.1(d) added 2 status points for a total of 13 criminal history points. The 2 points were added because he was under a criminal justice sentence at the time of the instant offense. Applying Amendment 821, the Defendant would receive 1 status point instead of 2, resulting in a total of 12 criminal history points. A Defendant with 12 criminal history points falls within criminal history category V rather than VI. At offense level 23 and criminal history category V, the Defendant's advisory Sentencing

Guideline range would be 84-105 months.

The Government does not dispute this calculation and admits the Defendant is eligible for a sentence reduction under Amendment 821.  Still, the Government contends the Section 3553(a) sentencing factors weigh against a reduction because the Defendant has had several disciplinary offense while incarcerated.  The Defendant maintains his disciplinary problems are non-violent, he has taken responsibility for his actions, and he has already been punished for violating prison rules.

The Court concludes the Section 3553(a) factors do not weigh against a sentence reduction. The offense in this case was a non-violent drug offense for which the Defendant accepted responsibility.  The Court sentenced him to 96-months of imprisonment.  He has been in federal custody for over 7 years.  The Defendant has had a few non-violent disciplinary issues while incarcerated but he has taken responsibility for them and has been punished for them through the prison disciplinary system.  Additional punishment is unwarranted.  To his credit he has undertaken rehabilitative efforts while incarcerated as well.  Granting the Defendant's motion under 18 U.S.C. § 3582(c)(2) will not undermine the Section 3553(a) factors.  The Court concludes a sentence reduction is warranted.

## III.    <u>CONCLUSION</u>

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 57) is **GRANTED**.  The Defendant's sentence is reduced from 96-months to 84-months of imprisonment. All other provisions of the Court's judgment (Doc. No. 53) remain unchanged.

**IT IS SO ORDERED**.

Dated this 11th day of September, 2024.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court

7